## EDWARDS, respondent, *v.* TRACY, appellant.

PRACTICE — *settlement of statement by successor of judge.* The Civil Practice Act, which provides that the judge or court shall settle the statement on appeal, authorizes the successor of the judge who tried the cause to settle the statement.

SAME — *notice of amendment to statement.* A party who fails to file amendments to a statement on appeal, after he has been notified that the same has been filed, is not entitled to notice of the time when the same will be presented to the court for settlement.

SAME — *statement settled in vacation.* The statement on appeal can be settled in vacation by the judge who tried the cause.

*Appeal from First District, Gallatin County.*

THE respondent filed a motion to strike from the transcript the statement of the evidence. This action was tried in March, 1872,

by Murphy, J., without a jury, and the statement on this appeal was settled by Servis, J. (who was the successor of Murphy, J.), at a subsequent term. The statute, which is referred to in the opinion, contains the following provisions:

The appellant, who prepares a statement of the case, must "file the same with the clerk of the court, and give notice to the opposite party, or his attorney, of such filing. The respondent may, within five days thereafter, prepare amendments to such statement, and file the same, and serve notice thereof on the opposite party. The statement and amendments which may be filed shall be presented to the judge or court, upon notice of two days to the opposite party, and a true statement shall thereupon be settled by the judge or court. If no amendments are filed, the statement may be presented to the judge or court without any notice to the respondent." Civ. Pr. Act, § 371. When a party omits to propose amendments, he shall be 'deemed to have agreed to the statement as prepared; "but the judge who heard the cause shall, notwithstanding such * * * implied agreement, have power to correct any misstatement of facts, or of his rulings, which such statement may contain." Civ. Pr. Act, § 372. "The judge before whom the cause was tried" may enlarge the periods of time above limited. Civ. Pr. Act, § 373. "The statement, when settled by the judge, shall be signed by him, with his certificate that the same has been allowed, and is correct; when the statement is agreed upon by the parties, they, or their attorneys, shall sign the same, with their certificate that it has been agreed upon by them, and is correct." Civ. Pr. Act, § 374.

S. Word and Page & Coleman, for the motion.

J. J. Davis and H. N. Blake, contra.

Wade, C. J. This is a motion by the respondent, wherein he seeks to have stricken from the transcript all that portion thereof which purports to be a statement of the evidence adduced upon the trial for the following reasons:

First. That it does not appear that notice of the filing of the statement was given to the opposite party or his attorney.

Second. That it does not appear that the opposite party had any notice of its presentation to the judge for settlement; and

Third. That it does not appear that the statement was agreed to by the parties, or settled by the judge as required by law.

This cause was tried in the court below at the March term thereof, 1872, and the statement was settled during the March term, 1873, of said court, but, in the meantime, the judge who tried the cause had vacated his office and his successor had been appointed, and the successor settled and signed the statement on appeal.

It is claimed, on behalf of respondent, that, because the judge who tried the cause did not settle the statement, and that it was settled by his successor in office, therefore the statute which provides that the statement and amendments shall be presented to the judge or court, upon notice to the adverse party, and shall be settled by such judge or court, has been violated.

If it were the law that only the person acting as judge, who heard or tried the cause, could settle the statement therein, then the administration of justice would be subject to many accidents, for the death, removal from office, or other disability of the judge who tried the cause, would forever deny to the party his right of appeal; so that if a judge departs this life, or if his official life is ended by a political change in the government, or if a judge should be removed for the reason that he was corrupt in his office, or was incompetent to discharge the duties thereof by reason of mental imbecility, or want of education, or knowledge of his profession,—yet at the time such judge so vacates his office, or is removed therefrom, all causes pending in his district on statement for appeal, must fail, if this statute can be construed as contended for by the respondent.

Our view of the statute is this, that, by the use of the word "judge" instead of "court," it authorized a judge in vacation to settle a statement, and we hold that, however many changes there may be as to the individual who holds the office of judge, yet there is no change in the office, and no vacation therein. The office is continuous, and the officer, for all legal purposes, is always the same.

The judge's commission may expire, but if it does he holds

over under the Organic Act until his successor is duly appointed and qualified, so that the office and officer continue, although the individual who occupies the position may change. It, therefore, follows that whatever act might be legally done and performed by the judge who tried the cause, may also be done by his successor in office, for, to all legal intents and purposes, they are one and the same individual.

It is objected that no copy of the statement was served upon the adverse party, and that such party had no notice of the application to the judge or the court for a settlement of the statement.

The transcript discloses that, immediately after the assignment of errors, and on the same paper, there is the following, "Received a copy of this paper," which receipt is signed by the attorney for respondent, and properly dated. The paper upon which this receipt is signed has no title, no caption or heading or beginning, except it be the title and caption at the commencement of the statement, where the names of the parties and the court are given, and we think it reasonable to presume that a copy of the statement was attached to this paper when it was receipted for by respondent. This must have been the case in order to have given the paper any significance whatever.

If this supposition is correct, then no notice was necessary when the statement was presented to the judge for settlement, for the reason that no amendments to the statement had been filed by the adverse party, and when this occurs, no notice is necessary by the terms of the statute.

This statement was presented for settlement in open court, and there being no amendments filed to the statement, and the adverse party having notice that the statement was filed, and having failed to file any amendments, then no notice to such party was necessary when the statement was presented for settlement; and no notice being necessary, the fact that the record fails to show that such party was present before the judge is not material.

The motion is overruled.

*Motion overruled.*